**UNITED STATES BANKRUPTCY COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**Norfolk Division**

IN RE: GLOBE IRON CONSTRUCTION COMPANY, INC., CASE NO. 11-72717-SCS
Chapter 11

Debtor.

**INTERIM CASH COLLATERAL ORDER**

This matter came before the Court on June 16, 2011, upon the Motion of Globe Iron Construction Company, Inc. (the "Debtor") for authority to use cash collateral (the "Motion") the consent of the creditor secured by the Debtor's cash collateral, SunTrust Bank ("SunTrust"). Appearing to the Court that good cause exists to grant the Motion and appearing that notice of the Motion is sufficient and complies with the requirements of Federal Rule of Bankruptcy Procedure 4001(d), the Court hereby makes the following findings of fact and conclusions of law:

A. On June 10, 2011, the Debtor filed a petition under Title 11 of the United States Code (the "Code" or "Bankruptcy Code"). This bankruptcy case is hereafter referred to as the "Case". The Debtor is in possession of its assets and is operating as a debtor-in-possession under 11 U.S.C. §§ 1107 and 1108.

B. Prior to the filing of the Petition, SunTrust had extended certain loans to the Debtor (the "Loans"). The Loans are evidenced by certain documents (the "Loan Documents") executed by the Debtor and other persons in favor of SunTrust.

C. As of the date of the filing of the Petition, the balance outstanding upon the Loans was $ 3,409,665.54, exclusive of attorneys' fees and costs. All amounts due and owing under the Loans,

Donald C. Schultz, VSB #30531
Alyssa Carducci Embree, VSB #74047
Crenshaw, Ware & Martin, p.l.c.
1200 Bank of America Center
Norfolk, Virginia 23510
(757) 623-3000
Counsel for SunTrust Bank

including, without limitation, principal, interest, charges, attorney's fees and costs, is referred to herein as the "Indebtedness."

D. The Loan Documents are valid and enforceable according to their terms. The Loan documents and the liens and security interests granted therein are unavoidable.

E. Under the Loan Documents, SunTrust has a first position, validly perfected security interest in all of the Debtor's assets (the "Collateral"). The Collateral includes, without limitation, all accounts receivable and all other cash collateral as defined in 11 U.S.C. §§ 363(a) and 552(b)(1) (the "Cash Collateral").

F. Default has occurred under the Loan Documents and the Indebtedness is due and payable in full without the necessity of notice or demand.

G. In its Motion, the Debtor has requested that it be permitted to use the Cash Collateral subject to the terms of this Order Authorizing the Use of Cash Collateral and the provisions of the Bankruptcy Code. SunTrust consents to the Debtor's use of the Cash Collateral only if its interests in the Collateral and Cash Collateral are adequately protected.

H. As an inducement to obtain SunTrust's consent to use the Cash Collateral, the Debtor has prepared and submitted to SunTrust a 30-60 Day Budget (the "Budget") that details the Debtor's intended uses for the Cash Collateral. A true and accurate copy of the Budget is attached hereto as Exhibit 1. SunTrust has relied upon the Budget in consenting to the Debtor's use of the Cash Collateral. The Debtor warrants, represents and covenants that it will use the Cash Collateral only for the expenses reasonably necessary to operate the Debtor's business.

I. All of the Debtor's cash is now and shall be maintained on deposit in an account at SunTrust (the "SunTrust DIP Account").

J. SunTrust consents to the use of Cash Collateral subject to the terms of this Order and the provisions of the Bankruptcy Code. Entry of this Order does not constitute a determination that SunTrust's interest in its Collateral is adequately protected and SunTrust fully reserves its rights to seek additional adequate protection.

K. The Court finds that the Debtor and SunTrust have demonstrated sufficient cause for entry of this Order.

NOW, THEREFORE, based upon the foregoing, it is hereby ORDERED that:

1. Subject to the provisions of this Order, the Debtor may use the Cash Collateral, to pay the pre-petition expenses, including wages and associated taxes and payroll benefits, and honor the joint check arrangements as described in the attached Budget (defined below), which are reasonable and necessary to avoid immediate and irreparable harm to the Debtor's estate and the post-petition expenses that are ordinary, reasonable and necessary to the operation of the business and maintenance of the Collateral (collectively, the "Expenses") in conformity with the budget attached hereto as Exhibit 1 (the "Budget"). Absent SunTrust and counsel for the Official Committee of Unsecured Creditors' prior written consent, if appointed, (via letter, facsimile or email) ("Consent") or further order of Court, in no event is the Debtor authorized to use Cash Collateral to pay Expenses in excess of 105% of the monthly budgeted amount, shown in the Budget for the period covered by the Budget. Absent Consent, the Debtor is authorized to pay the ordinary, necessary post-petition expenses relating to the Collateral and the business, up to the amounts set forth in the Budget, but in no event more than the actual costs incurred by the Debtor.

2. The Indebtedness, Loan Documents, liens and security interests in the Collateral, including without limitation, the Cash Collateral, are valid and enforceable obligations of the Debtor, not subject to subordination, and there are no claims, defenses, offsets, deductions or

counterclaims of any kind whatsoever to payment of the Indebtedness or performance of the obligations set forth in the Loan Documents.

3. Notwithstanding anything to the contrary contained herein, the Debtor or any creditor or party in interest may file a complaint pursuant to Bankruptcy Rule 7001 with this Court on or before August 31, 2011 to challenge the validity, priority and/or extent of the Loan Documents, the security interests and liens in favor of SunTrust in the Collateral and Cash Collateral. If no such complaint is filed on or before August 31, 2011, then (i) the Indebtedness, security interests and liens in favor of SunTrust in the Collateral, including the Cash Collateral, shall be deemed to be allowed secured claims which are valid, enforceable, unavoidable and not subject to subordination, and (ii) this order shall hereby conclusively determine that there are no claims, defenses, offsets, deductions or counterclaims of any kind whatsoever to payment of the Indebtedness or performance of the obligations set forth in the Loan Documents.

4. As adequate protection of SunTrust's interests in the Collateral, including the use, sale, lease, depreciation or diminution in value of the Collateral and the Cash Collateral from and after the Petition Date and the imposition of the automatic stay, the Court hereby grants SunTrust a priming, first priority and perfected security interest and lien (the "SunTrust Lien") in all of the Debtor's assets including, without limitation, all assets acquired after the Petition Date, to secure repayment of the Indebtedness.

5. This Order shall constitute sufficient and conclusive evidence of the validity, perfection, and priority of SunTrust's liens and security interests without the necessity of filing or recording any financing statement, mortgage or other instrument or document which may otherwise be required under the law or any jurisdiction or the taking of any other action to validate or perfect the liens and security interests or to entitle SunTrust to the priorities granted herein.

6. The Debtor is hereby authorized and directed to do and perform all acts and to make, execute, and deliver all instruments and documents which may be appropriate or necessary for creation and to assist SunTrust in the perfection of the SunTrust Lien. The Debtor shall execute any and all financing statements or other instruments to evidence and to perfect the liens and security interests set forth in this Order; provided, however, that no such filing or recordation shall be necessary or required in order to create or perfect such liens and security interests. SunTrust may record or file such instruments in its discretion. SunTrust may also, in its discretion, file a copy of this Order with any recording officer designated to file financing statements or with any registry of deeds or similar office in any jurisdiction in which the Debtor has real or personal property.

7. To the extent that (i) the value of SunTrust's Collateral diminishes during the course of the Debtor's Case or (ii) any part of the Cash Collateral is used by the Debtor for purposes not permitted by this Order, SunTrust shall have an allowed priority claim in such amount. Such claim shall have priority over all other administrative expenses (other than fees under 11 U.S.C. §§327, 328, 329, and 330, and 28 U.S.C. § 1930(a)(6)) allowable under Code § 507(a)(1) as contemplated by Code § 507(b) (the "Super-Priority Claim").

8. All Cash Collateral which the Debtor has received since the Petition Date or which the Debtor receives in the future shall constitute the Cash Collateral of SunTrust. The Debtor shall deposit all Cash Collateral into the SunTrust DIP Account. The Debtor is directed to immediately close all deposit, investment, brokerage, bank or other accounts maintained at any financial institution other than SunTrust and deposit such funds or property into the SunTrust DIP Account. All Cash Collateral received by the Debtor since the Petition Date and paid by the Debtor to other

parties shall also constitute SunTrust's Cash Collateral to the extent any of these funds are returned to the Debtor.

9. The Debtor is hereby authorized to use Cash Collateral pursuant to § 363(b) and (c) of the Code in accordance with the terms of this Order, including hereby being authorized to pay all quarterly fees due to the Office of the United States Trustees as they become due in this case. The following shall be an event of default hereunder, unless it is cured after five (5) business days' (the "Notice Period") written notice of default (a "Default Notice":

(a) The Debtor defaults upon any of its obligations as set forth in this Order;

(b) The Debtor fails to maintain insurance as required by the Loan Documents;

(c) The Debtor fails to maintain and preserve the Collateral in accordance with the Loan Documents; or

(d) The Debtor commits fraud or makes a material misrepresentation at any time in connection with the case or the Collateral

Notice of default shall be provided by SunTrust to to the Debtor's counsel, counsel to the official committee of unsecured creditors (if any) appointed in these proceedings, the United States Trustee and filed with the Court. Provided the Debtor has not cured the default within the Notice Period, the Debtor's right to use Cash Collateral shall terminate. Upon receipt of such notice, the Debtor shall have three (3) business days to file a motion for use of cash collateral with a request for expedited hearing. Failing such filing, Debtor's authority to use Cash Collateral shall cease immediately. If such motion is filed, then the Debtor is allowed an additional five (5) business days from the filing of such motions to continue using Cash Collateral whereupon Debtor's use of Cash Collateral shall cease absent further order of this Court.

10. This Order shall not prejudice the rights of any party-in-interest to contest the existence of a default. Upon the occurrence of the Debtor's default, the Debtor shall continue to deposit all Cash Collateral it receives into the SunTrust DIP Account.

11. As adequate protection of SunTrust's interest in the Collateral pursuant to Code § 363, upon entry of this Order, the Debtor shall pay interest upon the Indebtedness at the rate set forth in the Loan Documents. Such payments are to be made monthly, on or before the 15th day of the month commencing July 15, 2011.

12. The Debtor shall furnish to SunTrust such information as may be reasonably requested regarding the Debtor's financial condition. In addition, the Debtor shall furnish to SunTrust and SunTrust's counsel the following: (a) a copy of the Debtor's monthly operating report filed with the United States Trustee; (b) copies of all pleadings, notices or other documents filed by the Debtor in this Case; (c) on a weekly basis, a detailed listing and breakdown, including aging, of all of the Debtor's outstanding accounts receivable; and (d) on a weekly basis, a detailed report showing all Cash Collateral received by the Debtor during the previous seven (7) days and copies of all deposit receipts showing that these amounts have been deposited in the SunTrust DIP Account.

13. The Debtor shall allow SunTrust's representatives and agents access to its books, records and properties during ordinary business hours upon twenty-four (24) hours notice or such shorter notice as is reasonable under the circumstances. The Debtor shall not allow any personal property, fixtures or equipment in which SunTrust has an interest to be removed from the Debtor's premises except in the ordinary course of the Debtor's business.

14. The provisions of this Order, the liens granted herein, and the actions taken pursuant hereto shall be binding upon the Debtor and all creditors, any trustee appointed in the Case and all parties in interest and will survive the entry of any order converting such case to a case under Chapter 7 of the Code. The terms and conditions of this Order as well as the liens and security interests of SunTrust shall continue in full force and effect in this or any successor

proceeding under the Code, and such liens and security interests shall retain their priorities as provided in this Order until satisfied, discharged or otherwise modified by order of this Court.

15. The Debtor's authority to use Cash Collateral hereunder shall expire at midnight on July 14, 2011, after which time the Debtor is prohibited from using Cash Collateral without further order of this Court.

16. The Debtor hereby forever and irrevocably waives any and all claims or causes of action of any nature against SunTrust and any of its officers, directors, employees, attorneys, advisors or representatives relating to or arising in connection with the Loan Documents or the negotiation of the terms of this Order as of the date hereof.

17. The SunTrust Lien and Super Priority Claim shall not be altered or impaired by any plan of reorganization that may hereafter be confirmed or any further order that may hereafter be entered without the consent of SunTrust.

18. By consenting to the entry of this Order, SunTrust shall not be deemed to have waived any default or event of default which may exist or any rights, remedies or privileges available under the terms of the Loan Documents or any other applicable law except to the extent specifically set forth herein.

19. In administering the Loans and Indebtedness and in negotiating the terms of this Order with the Debtor, SunTrust shall not be liable to any creditors of the Debtor or third parties, nor shall it be deemed to be in control of or influence the operations or management of the Debtor or to be acting as a responsible person or owner or operator with respect to the operation or management of the Debtor.

20. The automatic stay of Code § 362 is hereby modified to the extent necessary to effectuate the provisions of this Order. All of the terms and provisions of this Order, including,

without limitation, the granting of the SunTrust Lien and the Super-Priority Claim, shall be binding upon the Debtor, any trustee appointed in this Case under either Chapter 7 or Chapter 11 of the Code, all creditors of the Debtor, including those that may have extended or may hereafter extend credit to the Debtor, and all other parties in interest.

21.  Nothing contained in this Order shall be deemed a finding with respect to the adequacy of the protection of the interests of SunTrust in its Collateral and noting contained in this Order shall prejudice, impair, or otherwise affect the rights of SunTrust to seek additional adequate protection beyond that furnished in this Order.

22.  If any provision of this Order is hereafter modified, vacated or stayed by subsequent order of this or any other Court for any reason, such modification, vacation, or stay shall not affect the validity of any liability incurred pursuant to this Order and prior to the later of (a) the effective date of such modification, vacation, or stay, or (b) the entry of the order pursuant to which such modification, vacation, or stay was established, nor the validity, priority, or enforceability of the SunTrust Lien or Super-Priority Claim granted by the Debtor to SunTrust.

23.  SunTrust's failure to seek relief or otherwise exercise its rights and remedies under the Loan Documents or this Order, shall not constitute a waiver of any of SunTrust's rights thereunder.

24.  In the event of any inconsistency between the terms and conditions of the Motion and this Order, the provisions of this Order shall govern and control.

25.  Following entry of this Order, the Debtor shall, within two business days, provide notice of the Motion, this Order and the final hearing on the Debtor's Motion (the "Final Hearing"), by electronic delivery, telecopy, overnight delivery service, hand delivery or U.S. mail to (i) the Office of the United States Trustee for the Eastern District of Virginia, (ii) counsel for

SunTrust, (iii) the Debtor's largest twenty (20) general unsecured creditors, (iv) parties who have filed a request for service prior to such date, (v) counsel to creditors' committee, if any, and (vi) other secured parties as shown on any UCC searches conducted pre-petition. Such notice shall constitute good and sufficient notice of the Final Hearing. The notice of approval of this Order shall state that any party in interest objecting to the adequate protection of SunTrust or the terms of a final order shall file written objections with the United States Bankruptcy Court Clerk or the Eastern District of Virginia no later than seven days prior to the hearing and provide copies to:

Karen M. Crowley, Esq.
Crowley, Liberatore & Ryan, P.C.
1435 Crossways Boulevard, Suite 300
Chesapeake, Virginia 23320

Donald C. Schultz, Esq.
CRENSHAW, WARE & MARTIN, P.L.C.
1200 Bank of America Center
Norfolk, Virginia 23510

Office of the United States Trustee
Attn: Cecelia A. WeschlerEsq.
Room 625, Federal Building
200 Granby Street
Norfolk, Virginia 23510

ENTERED this Jun 17 2011 day of ____________, 2011.

/s/ Stephen C. St.John
Judge

Judgment or Order Entered on Docket
6/17/2011

**I ASK FOR THIS:**

**/s/ Karen M. Crowley**
**Karen M. Crowley, VSB #35881**
**Crowley, Liberatore & Ryan, P.C.**
**1435 Crossways Boulevard, Suite 300**
**Chesapeake, Virginia 23320**
**(757) 333-4500**

**SEEN AND NO OBJECTION:**

**/s/ Donald C. Schultz**
**Donald C. Schultz, VSB #30531**
**CRENSHAW, WARE & MARTIN, P.L.C.**
**1200 Bank of America Center**
**Norfolk, Virginia 23510**
**(757) 623-3000**

**/s/ Cecelia A. Weschler**
**Cecelia A. Weschler, Esq.**
**Office of the U.S. Trustee**
**Room 625, Federal Building**
**200 Granby Street**
**Norfolk, Virginia 23510**
**(757) 441-6790**

CERTIFICATE OF SERVICE

I hereby certify that on June 16, 2011, a true copy of the foregoing Order was served via first class mail, postage prepaid, to those listed on the attached service list

**/s/ Karen M. Crowley**

[BLANK PAGE]

EXHIBIT 1

**Globe Iron Construction Company**
**30/60 Day Budget**
**Summary**

| | Period | |
|---|---|---|
| | 6/11 - 7/10 | 7/11 - 8/10 |
| **Net Revenues** | | |
| Contracts (Net) | 107,409 | 111,457 |
| Warehouse/Blasteel (Net) | 148,270 | 167,270 |
| Liquidation Revenue - Prime (See Note) | | |
| Liquidation Revenue - Drops | | 20,000 |
| Direct Labor | (113,714) | (131,978) |
| Labor Maint | (7,388) | (9,235) |
| Misc Cash Receipts | | |
| **Gross Profit** | **134,578** | **157,515** |
| **Overhead Costs** | | |
| Payroll - Office | 41,892 | 52,366 |
| Suntrust | 9,000 | 9,000 |
| Family Note | | |
| Utilities - See Detail | 18,606 | 17,991 |
| Insurance - See Detail | 13,026 | 22,026 |
| Professional Fees - See Detail | 2,500 | 2,000 |
| Real Estate Taxes | | |
| Other - See Detail | 36,193 | 33,640 |
| **Total Overhead** | **121,217** | **137,023** |
| **Net Cash** | **13,360** | **20,492** |

**Note:**

Budget includes revenue from continued operations which include the completion of existing contracts and from sales in the warehouse and Blasteel divisions. It also includes liquidation revenue from the sale of inventory referred to as "drops." The company also expects liquidation revenue from the sale of prime inventory and three vehicles. The company expects to yield $45,000 from the sale of vehicles and $200,000 to $500,000 from the sale of prime inventory in the next 90 days.

**The revenue from the liquidation of the vehicles and prime stock has not been reflected in the budget.**

**Globe Iron Construction Company**
**30/60 Day Budget**
**Warehouse And Blasteel**

|  |  | Period | |
|---|---|---|---|
|  |  | 6/11 - 7/10 | 7/11 - 8/10 |
| **Cash Flow** | | | |
| AGI (Net of materials) |  | 65,730 | 65,730 |
| Warehouse |  | 50,000 | 65,000 |
| Blasteel |  | 62,000 | 72,000 |
| **Total** |  | **177,730** | **202,730** |
| Mat-Warehouse - New | **18%** | 9,000 | 11,700 |
| Materials-Blasteel | **33%** | 20,460 | 23,760 |
| **Warehouse & Blasteel** |  | **148,270** | **167,270** |

**Contract Cash Flow**

| | | Period | |
|---|---|---|---|
| | | 6/11 - 7/10 | 7/11 - 8/10 |
| **Projected Cash Receipts (Net to Globe)** | | | |
| Small Hall 0818 | WM Jordan | 15,000 | 10,000 |
| TCC Student Center 09 | Ballard | 4,692 | |
| Ft Eustis 1011 | Hensel Phelps | 16,600 | |
| Brooks Library 1012 | Ballard | 20,000 | 20,000 |
| NIT Staddle 1013 | Ballard | 2,942 | |
| London Bridge 1014 | Waterfront Marine | 20,000 | 7,500 |
| Carbon Furnance 1015 | PizzGali | 8,175 | 23,957 |
| Warning Gate 1111 | Flour-Lane | 20,000 | 50,000 |
| **Total Projected Receipts** | | 107,409 | 111,457 |

**Globe Iron Construction Company**
**30/60 Day Budget**
**Contract Detail**

**NO LABOR Included**

| | **Small Hall** | **TCC Student Center** | **NIT Straddle Parking** | **Brooks Library** | **Fort Eustis** | **London Bridge** | **Carbon Furnace** | **Hot Lanes** | **Contract Totals** |
|---|---|---|---|---|---|---|---|---|---|
| GC | WM Jordan | Ballard | Ballard | Ballard | Hensel Phelps | Waterfront Marine | PizzaGali | Flour-Lane | |
| Joint Check | Yes | Yes | Yes | Yes | Yes | Maybe | Yes | No | |
| Total Contract | 1,327,107 | 1,105,981 | 700,000 | 3,776,849 | 698,622 | 75,887 | 355,700 | 158,373 | |
| Paid to Date | 1,199,516 | 1,101,290 | 696,774 | 3,632,632 | 676,469 | 33,231 | 124,281 | 45,093 | |
| **A/R and Remaining** | **127,591** | **4,692** | **3,226** | **144,217** | **22,153** | **42,656** | **231,419** | **113,280** | **689,234** |
| **Materials and Subs** | | | | | | | | | |
| Grubb (Crane) | | | | | | | | | |
| Infra Metals | 816 | | 284 | | | | | | |
| Trinity | 19,619 | | | | | | | | |
| Circle M | 42,328 | | | | | | | | |
| Seismic Energy | | | | | | 3,848 | | | |
| Mid Atlantic | | | | | 4,553 | | | | |
| Carter Iron | | | | | | | | | |
| Metal Magic | | | | | 1,000 | | | | |
| True Fit | | | | | | 1,363 | | | |
| Hayden Bolts | | | | | | 418 | | | |
| L&W | | | | | | 1,140 | | | |
| Misc Vendors | 34,000 | | | 98,605 | | 3,000 | 191,935 | 16,215 | |
| **Total Materials and S** | 96,763 | - | 284 | 98,605 | 5,553 | 9,768 | 191,935 | 16,215 | 419,123 |
| **Net to Globe** | **30,828** | **4,692** | **2,942** | **45,612** | **16,600** | **32,888** | **39,484** | **97,065** | **270,111** |

**Globe Iron Construction Company**
**30/60 Day Budget**
**Overhead**

| | Period | |
|---|---|---|
| | 6/11 - 7/10 | 7/11 - 8/10 |
| **Overhead Costs** | | |
| Utilities | | |
| Dominion Power | 10,300 | 10,300 |
| VA Natural Gas | 1,790 | 1,790 |
| Suburban Propane | 133 | 133 |
| Cox | 565 | 565 |
| AT&T Cell | 978 | 700 |
| Waste Management | 2,300 | 2,300 |
| Cavalier telephone | 1,087 | 750 |
| HRUBS | 1,453 | 1,453 |
| **Total utilities** | **18,606** | **17,991** |
| Insurance | | |
| INSCO Group | 1,026 | 1,026 |
| Liberty Mutual | 12,000 | 12,000 |
| Health (Company Portion) | - | 9,000 |
| **Total Insurance** | **13,026** | **22,026** |
| Professional Fees | | |
| CROWLEY,LIBERATORE&RYAN,PC | - | - |
| US Trustee Fees | 500 | - |
| Accounting | 2,000 | 2,000 |
| **Total Professional Fees** | **2,500** | **2,000** |
| Other | | |
| Ford Motor Credit | 1,553 | - |
| SunTrust Bankcard | | |
| Doson Pest | 380 | 380 |
| Computer Expense | 500 | 500 |
| Staples - Office Supplies | 400 | 400 |
| Unifirst | 1,243 | 1,243 |
| Postage & Fed Express | 500 | 500 |
| Johns Brothers Security | 240 | 240 |
| Rentals & Service Contracts (IKON | 4,580 | 4,580 |
| Plants & Lawn | 405 | 405 |
| Merchant Fee | 400 | 400 |
| Timberline Renewal | 380 | 380 |
| Ugplay Cleaning | 1,200 | 1,200 |
| Company car fuel (Papco) | 3,000 | 2,000 |
| Nowcare | 150 | 150 |
| Welding, oxygen, etc | 3,400 | 3,400 |
| Safety Kleen | 222 | 222 |
| City Wide Protection | 350 | 350 |
| Petty Cash | 500 | 500 |
| Good Seed Lawn | 790 | 790 |
| DMV | | |
| Taxes / Bus license | | |
| Equipment Repair | 10,000 | 10,000 |
| Howlett Elevator | 1,000 | 1,000 |
| Misc | 5,000 | 5,000 |
| **Total Other** | **36,193** | **33,640** |

Allied Crawford (Petersburg)
2021 Bessemer Road
Petersburg, VA 23805

Globe Iron
Service List
20 Largest + Secured Creditors
11-72717

Circle M Contracting Inc
1400 London Blvd
Portsmouth, VA 23704

Claymont Steel
P O Box 643507
Cincinnati, OH 45264-3507

Ervin Industries Inc
Dept 77997
P O Box 77000
Detroit, MI 48277-0997

Gerdau Ameristeel
P O Box 116660
Atlanta, GA 30368-6660

Goodman & Company
P O Box 3247
Norfolk, VA 23514-3247

Infra-Metals Co Virginia Div
P.O. Box 409828
Atlanta, GA 30384-9828

Internal Revenue Service
P. O. Box 7346
Philadelphia, PA 19101-7346

Lee S. Peregoff
1005 Granada Court
Virginia Beach, VA 23456-4211

Mid Atlantic Steel Erectors In
832 Westwood Pine Court
Moseley, VA 23120

Miriam Seeherman Revocable Tru
Miriam Seeherman Trustee, Fbo
109 55th Street
Virginia Beach, VA 23451

Norfolk City Treasurer
Thomas W Moss, Jr - Treasurer
P O Box 3215
Norfolk, VA 23514-3215

Robert Seeherman Revocable Tru
Robert Seeherman Trustee, Fbo
109 55th Street
Virginia Beach, VA 23451

Southland Tube Inc
P O Box 1205
Birmingham, AL 35201-1205

Supermedia, Llc
Attn: Accounts Receivable Dept
P O Box 619009
Dfw Airport, TX 75261-9009

Triad Metals International
One Village Road
Horsham, PA 19044-3800

Ugplay Cleaning Group
537 West 24th Street
Norfolk, VA 23517

Vandeventer, Black,
Meredith & Martin
500 World Trade Center
Norfolk, VA 23510

Williams Steel Erection Co.
P O Box 1770
Manassas, VA 20108

Carboline Co
P O Box 931942
Cleveland, OH 44193

Ford Credit
Po Box 94380
Palatine, IL 60094

Sb Ballard Construction Co
2828 Ships Corner Rd
VA Beach, VA 23453

Saul B Mednick
1706 Claremont Ave
Norfolk, VA 23507

Stuart Peregoff Trust
S Beryl Adler, Trustee
222 Central Park Avenue Suite 4
Virginia Beach, VA 23462

Suntrust Bank
Po Box 79079
Baltimore, MD 21279-0079

Office Of The Us Trustee
Room 625, Federal Building
200 Granby Street
Norfolk, VA 23510-1814

Don Schultz, Esq.
Crenshaw, Ware & Martin, Plc
1200 Bank Of America Ctr
Norfolk, VA  23462-3031